IN THE UNITED STATE DISTRICT COURT

FOR THE _Eastern_ DISTRICT OF TENNESSEE

AT _Chattanooga_



FILED
FEB 27 2020
Clerk, U.S. District Court
Eastern District of Tennessee
At Chattanooga

_James Wood #425812_,
    Plaintiff,

vs.

_D. Settles, Active Warden, et al._,
    Defendant(s).

ACTION NO: _1:20-CV-54_

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983

I.   PREVIOUS LAWSUITS

1. Have you filed any other lawsuits in the United States District Court for Tennessee or in any other state or federal court?

   Yes _✓_     No _____

2. If you have answered YES to Question A, list the following information:

   [If you have filed more than one lawsuit, list additional lawsuits on another sheet of paper, using the same outline as below]

   1. Parties to the previous lawsuit:

      Plaintiffs: _James Wood_

      Defendants: _Amanda Sims, Mental Health Administrator_

   2. In what Court did you file the previous lawsuit?

      _E.D. TN, Knoxville_
      (If Federal Court, name the District; if State Court, name the County)

1

3. Case Number of the Previous Lawsuit: unKnown

4. Name of Judge to whom case was assigned: unKnown

5. When did you file the previous lawsuit? Fall 2018.

6. What was the disposition or result of the previous lawsuit (for example, was it dismissed, appealed, or still pending)

   voluntarily dismissed for mootness.

7. When was the previous lawsuit decided by the Court?

   _____

   (Indicate year if you do not know exact month or day)

8. Did the previous lawsuit involve the same facts or circumstances that you are alleging in the lawsuit you are now submitting?

   Yes _____    No ✓

II. PLACE OF PLAINTIFF (S) CURRENT CONFINEMENT:

1. Name the prison or jail in which you are currently incarcerated.

   Bledsoe County Correctional Complex

2. Are the facts of your lawsuit related to your confinement in your present prison or jail?

   Yes ✓    No _____

3. If you answered NO to Question B, list the name and address of the jail or prison to which the facts of your lawsuit relate:

   _____
   _____

4. Do the facts of your lawsuit relate to your confinement in a Tennessee State Prison?

   Yes ✓    No _____

2

5. If you answered YES to Question D, did you present these facts to the prison authorities through the state prisoner grievance procedure?

   Yes ✓   No ___

6. If you answered YES to Question E:

   1. What steps did you take: Filed a grievance.

   2. What was the result? Still pending.

7. If you answered NO to Question E, explain why not:

## III. PARTIES TO THIS LAWSUIT

1. Plaintiff bringing lawsuit (If more than one Plaintiff, attach extra paper following same format)

   1. Name of Plaintiff: James Wood
   2. Prison ID Number: 425812
   3. Address B.C.C.X. 1045 Horsehead Rd., Pikeville, Tenn. 37367
   (Include name of institution and mailing address)

A. Defendant against whom you are filing this lawsuit.

   1. Name of Defendant: D. Settles, Active Warden

      Place of employment of Defendant: B.C.C.X

3

Address of Defendant: 1045 Horsehead Rd, Pikeville, TN 37367

Named in official capacity? ☑ Yes ☐ No
Named in individual capacity? ☐ Yes ☑ No

IF YOU ARE BRINGING THIS LAWSUIT AGAINST MORE THAN ONE DEFENDANT, YOU MUST LIST EACH DEFENDANT=S NAME, PLACE OF EMPLOYMENT, ADDRESS, AND CAPACITY IN WHICH YOU ARE SUING THE DEFENDANT ON AN ATTACHED SHEET OF PAPER.

IF YOU DO NOT LIST EACH DEFENDANT=S NAME, ANY SUCH DEFENDANT WILL NOT BE INCLUDED IN YOUR LAWSUIT; IF YOU DO NOT LIST EACH DEFENDANT=S PLACE OF EMPLOYMENT AND ADDRESS, THE CLERK WILL NOT BE ABLE TO SERVE ANY SUCH DEFENDANT.

IV. STATEMENT OF YOUR CLAIM

State as briefly as possible the facts of your case. Recite the dates when any incidents or events occurred, and the places where such incidents or events took place. Describe how each defendant is involved. Also include the names of other persons involved and the dates and places of their involvement.

If you set forth more than one claim, number each claim separately and set each claim forth in a separate paragraph:

Claim 1. Plaintiff has mental health issues and a long history of such. He suffers from a plethora of symptoms including suicidal thoughts. He is currently being held in solitary confinement and has been since January 3, 2020. This is only exacerbating his mental health issues. He's struggling with suicidal thoughts and many other symptoms that have worsened immensely as a direct result of the solitary confinement. Prison officials are aware

4

of this, with exception of the current suicidal thoughts. The prison officials in reference are the defendants. Rather than responding reasonably, they're merely providing a weekly therapy session. This deliberate indifference is causing Plaintiff extreme mental/emotional anguish (anxiety, nightmares, depression, paranoia, confusion and suicidal thoughts). Most seriously, Plaintiff struggles daily with a much increased urge to kill himself.

Claim 2. Even though Defendants have been made aware of certain moments when Plaintiff has contemplated suicide, they're unaware that his excessive solitary confinement causes him to have this urge daily. Plaintiff keeps this symptom secret because, recently, when Plaintiff sought help for it, Defendants essentially punished him but under the pretense of "precaution". They took all his clothing and placed him in an empty cell that was extremely cold with only a scanty "suicide vest" to cover himself with. They refused to let him sleep on a mat and forced him to sleep on the concrete. They left the lights on in his cell

5-a.

constantly for 24 hours a day. They refused to allow him to shower, brush his teeth, or wash his hands. This most recently occurred between January 3, 2020 - January 6, 2020, January 8 - January 14, 2020, and January 22, 2020 - January 23, 2020. This "treatment" for his suicidal thoughts has deterred him from seeking help for it, and, now in response to the excessive solitary confinement that he's experiencing, he's secretly and increasingly struggling with this urge daily.

The Defendants aren't changing the conditions of the "suicide precaution" described and are essentially deterring Plaintiff from seeking help for his suicidal thoughts thereby placing him at a serious risk of death.

Defendant, Bob Garret, is the head mental health employee at B.C.C.X., so he is well aware of the things described herein. Defendant, B. Cobble, is Bob Garret's superior, and he too, is aware of these things. The other (2) wardens also are aware due to their involvement with the grievance procedure. Neither defendant has done anything to address this matter.

Upon discovery, plaintiff will be able to satisfy the (3) requisite elements of an 8th Amendment violation claim in relation to medical and mental health issues.

Firstly, he will prove that he does suffer serious mental health issues and that excessive segregation drastically worsens them. Secondly, he will prove that the defendants are aware of all of this but aren't adequately addressing it (deliberate indifference). Finally, he will prove that as a result of this deliberate indifference, he has, he will and he is suffering an actual injury.

There are multitudes of evidence to corroborate each of these elements.

## V. RELIEF REQUESTED:

List what you want the court to do; list what relief you seek against each defendant:

- For this Honorable Court to make a declaration that the defendants' acts alleged herein violate plaintiff's Eighth Amendment Rights;
- Injunctive relief against defendants to: a.) ADEQUATELY address the worsened mental health of plaintiff resulting from excessive segregation and/or solitary confinement, and b.) Change, permanently, the antagonistic conditions of the "suicide precaution" that serve as a deterrent to plaintiff or other inmates from seeking help for suicidal thoughts;
- For defendants to reimburse plaintiff for the costs of this suit, and
- Anything else this Court deems just and necessary.

*James Wood*

B.C.C.X. - Site 2
1,045 Horsehead Rd.
Pikeville, TN. 37367

I hereby declare under the penalty of perjury that the foregoing information in this complaint is true and correct to the best of my knowledge and belief.

### NOTARY CERTIFICATION

STATE OF TENNESSEE )
)
COUNTY OF BLEDSOE )

Sworn to and subscribed this the 20th day of February, 2020. AC

*Avis A. Cagle*
Notary Public

My Commission Expires: 6/29/21

[Notary Seal: AVIS ANN CAGLE, STATE OF TENNESSEE, NOTARY PUBLIC, BLEDSOE COUNTY]

6

Previous Lawsuits (Continued)

- <u>James Wood v. Sean Phillips, et al</u>

  Defendants: Sean Phillips, Gary Hamby, Internal Affairs - John Doe.

  Court: E.D. TN, Knoxville Division

  Date: January 2018

  Disposition: voluntarily dismissed - Jan. 2019.

- <u>James Wood v. Chaney, et al.</u>

  Defendants: Lieutenant Wayne Chaney; Corporal Edward Spence.

  Court: M.D. Tenn., Nashville Division

  Date: October 2014.

  Disposition: Jury Trial in July 2016.

- <u>James Wood v. Madubuweze Nwozo, et al.</u>

  Defendants: Medical Doctor Madubuwezee Nwozo; Physician's Assistant, David Sehorn.

  Court: M.D. TN., Nashville Division

  Date: March 2014.

  Disposition: Dismissed for failure to prosecute.

- <u>James Wood v. Adrien Sims.</u>

  Defendants: Adrien Sims.

  Court: M.D. TN., Nashville Division.

  Date: June 2013.

  Disposition: voluntarily dismissed for mootness.

Defendants (continued)

- B. Cobble, <u>Associate Warden of Treatment</u>
  B.C.C.X.
  1045 Horsehead Rd.
  Pikeville, TN 37367

- J. Higdon, <u>Associate Warden of Security</u>
  B.C.C.X.
  1045 Horsehead Rd.
  Pikeville, TN 37367

- Bob Garrett, <u>Mental Health Administrator</u>
  B.C.C.X.
  1045 Horsehead Rd., Pikeville, TN. 37367

ALL DEFENDANTS ARE BEING SUED SOLELY IN THEIR OFFICIAL CAPACITIES.

# Certificate Of Service

Plaintiff hereby affirms that a true and exact copy of the aforestated has been mailed via U.S. Postal Service to:

U.S. District Court, E.D. TN
900 Georgia Ave.
Chattanooga, Tenn. 37402,

with correct U.S. Postage affixed hereto on this 24th day of February, 2020.

James Wood